PRICE BROS. v. CUSHING and O'KEEFE ET AL., and the
CHICAGO, BURLINGTON & QUINCY RAILWAY CO., Ap-
pellant.

THE FIRST NATIONAL BANK OF OTTUMWA, Intervener and
Appellee.

Contracts: ASSIGNMENT: RIGHTS OF ASSIGNEE: BURDEN OF PROOF.
An assignment of profits to arise from the performance of a
certain contract carries simply a right to the excess of re-
ceipts over expenditures; and the burden is upon the assignee
to show the existence of such profits before he can recover.

*Appeal from Wapello District Court.*— HON. M. A. ROB-
ERTS, Judge.

MONDAY, MARCH 11, 1907.

REHEARING DENIED, FRIDAY, SEPTEMBER 27, 1907.

THE opinion states the case.— *Reversed.*

*McNett & McNett,* for appellant.

*Smith & Lewis,* for appellee, First National Bank.

SHERWIN, J.— The original suit was brought by Price
Bros. against Cushing & O'Keefe by attachment, in which
the bank and the railway company were garnisheed as sup-
posed debtors of Cushing & O'Keefe. Afterwards other
creditors of the defendants Cushing & O'Keefe came into the
case by intervention, and the First National Bank of Ot-
tumwa also intervened, claiming of the principal defendant
the balance due it on a promissory note executed by Cushing
& O'Keefe, and asking judgment against the railway com-
pany for the amount so due in virtue of an assignment from
Cushing & O'Keefe to the bank. The assignment is as fol-

lows: " All the profits that may arise out of a certain contract which we now have with the Chicago, Burlington & Quincy Railway Company for certain grading and filling in Wapello county, Iowa, and we do hereby assign and transfer to said bank all claims and demands against said Chicago, Burlington & Quincy Railway Company growing out of said contract over and above the cost and expense of performing and completing the work provided by the terms of said contract." The railway company answered the petition of intervention, alleging that it had paid to the firm of Cushing & O'Keefe, and on account for work, labor, etc., for said firm, the entire sum to which it was entitled under its contract with the railway company and the estimate made by the company's engineer, except the sum of $39.71. There was a trial, and a judgment for the bank against the railway company for $538.

Cushing & O'Keefe had contracted with the appellant to do certain grading for it in Wapello county, under a contract whereby estimates were to be made from time to time by the company's engineer, and payments made to the contractors in accordance therewith; the company in its contract with the contractors reserving the right to pay any of the debts, dues, claims, or demands against the contractors growing out of the work aforesaid. What is known as the fourth estimate was for $1,080.36, and made June 6, 1904. From this fourth estimate the railway company paid a claim against the contractors, Cushing & O'Keefe, which was due to parties in Illinois, and for which suit by attachment had been commenced in that State, and the company garnished. The above indebtedness was not in any way connected with the Cushing & O'Keefe contract and work for the company in this State, and the trial court held, in effect, that the payment thereof by the company was not a defense to the claim of the bank. The appellant contends that the assignment given to the bank by Cushing & O'Keefe covered the profits that were made or to be made from the work in hand,

and that the judgment is wrong because the evidence not only wholly fails to show that any profits were in fact made from the work, but, on the other hand, affirmatively shows that the contractors suffered a loss on the job of some $1,200.

We think this contention must be sustained. The only evidence bearing directly on this question conclusively shows that the work was conducted and carried through at a considerable loss to the contractors. It is clear that, under the assignment on which the bank bases its claim against the company, it was entitled to nothing except the profits which might be derived from the contract, and the burden of proof was therefore upon the bank to show that profits had in fact been made to which it was entitled.

The appellee seeks to avoid the force of this conclusion by alleging that no issue of the kind was tendered by the company in its answer to the petition of intervention. Its position is incorrect, however, because it pleaded and relied upon the assignment in question for its claim against the company. To entitle it to a judgment it is manifest that it was incumbent upon it, even in case of a default, to establish the fact that the company had in its hands the very thing that was assigned to it, to-wit, profits arising from the contract, and, having failed to so prove, it was entitled to nothing.

It will be noticed that the latter part of the assignment transfers to the bank all claims and demands over and above the cost and expense of performing and completing the work provided for by the terms of the contract, and the appellee says that this language in the assignment transferred more than the profits merely, and that the judgment may be sustained because thereof. It is a familiar rule that an instrument must be construed as an entirety, and, applying the rule to the assignment in question, it is very evident that the appellee's contention cannot be sustained. In the first place, the assignment particularly designates profits as the thing assigned, and, in the second place, the language of the as-

signment relied upon by the appellee as transferring something more than profits does no more in effect than to transfer such profits. The word "profits," as ordinarily used and understood, must be taken to mean the excess of receipts over expenditures; that is, net earnings from the work in hand. *Hubbard v. Weare,* 79 Iowa, 678; *Connolly v. Davidson,* 15 Minn. 519 (Gil. 428; 2 Am. Rep. 154). And where it clearly appears, as it does in the instant case, that the work was done at a loss, instead of at a profit, it needs no citation of authority to sustain the conclusion that there was nothing due the bank from the railway company under the assignment in question.

The appellant also contends that the assignment in question is too indefinite to be valid, and also that the payment made by the company in Illinois in response to the garnishee proceeding there instituted against it should relieve it of liability to the bank. In view of our conclusion on the branch of the case which we have already discussed, it is unnecessary to determine either of the other questions.

The judgment of the trial court cannot be sustained, and it should be, and it is, *reversed.*